875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Okie CONN, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
Respondent-Appellee.
 No. 88-3671.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before KEITH, KENNEDY, and CELEBREZZE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Okie Conn ("Conn"), seeks review of an order of the Benefits Review Board, United States Department of Labor ("Board"), finding that the date from which Conn was entitled to receive black lung disability benefits was May 1, 1978, the date that Conn elected review of his initially denied claim, rather than January 1, 1974, the earliest date permitted by the Black Lung Benefits Act ("the Act"). Specifically, Conn challenges the conclusion of the Board that the testimony of a living miner and evidence of the date the miner ceased working, standing alone, cannot establish the onset date of disability. We affirm.
 
 
 2
 Conn had worked as a miner for at least sixteen years prior to 1948. After twenty subsequent years of gas company employment, he retired in 1968 because of breathing difficulties and other health problems. On February 16, 1973, Conn filed a claim for black lung disability benefits pursuant to Part B of the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. This claim was denied by the Social Security Administration ("SSA") on June 13, 1973, and by an administrative law judge ("ALJ") on December 4, 1975.
 
 
 3
 After the Black Lung Benefits Act was amended in 1978 to permit review of pending and denied claims under more liberal criteria, Conn was given the option of electing review of his 1973 claim by either SSA or the Department of Labor ("DOL"). Conn elected review by SSA on May 9, 1978. Conn's claim was denied by SSA; SSA then referred the claim to DOL, which denied it on February 27, 1980.
 
 
 4
 Upon Conn's request, a hearing was held before an ALJ on June 24, 1983. On November 21, 1983, the ALJ issued a Decision and Order. In his Decision, the ALJ invoked the presumption of entitlement pursuant to 20 C.F.R. Sec. 727.203(a) based on (1) Conn's sixteen years of mine employment, (2) a positive X-ray, and (3) a physician's opinion as to his respiratory impairment. Finding that the Director, Office of Workers' Compensation Programs ("the Director") failed to rebut the presumption pursuant to 20 C.F.R. Sec. 727.203(b)(1)-(4), the ALJ awarded benefits, and set the entitlement date as January 1, 1974.
 
 
 5
 The Director appealed both the invocation of the presumption and the entitlement date established by the ALJ. The Board affirmed the application of the presumption, and therefore Conn's entitlement to benefits, but vacated and remanded the ALJ's determination of the entitlement date due to the ALJ's failure to explicitly apply 20 C.F.R. Sec. 727.302(c)(1) to determine that date. On remand, the ALJ again set January 1, 1974 as the entitlement date. Specifically, the ALJ found that the medical evidence was insufficient to establish the date on which Conn became disabled. The ALJ then considered Conn's testimony as to (1) the conditions of his mine employment, (2) his shortness of breath at the time of his retirement from the mines in 1948, and (3) his retirement from the gas company in 1968 because of his shortness of breath.
 
 
 6
 The Director appealed this decision to the Board. On May 31, 1988, the Board modified the entitlement date to May 1, 1978, the date Conn elected review, agreeing with the Director's assertion that "the lay testimony and the date the miner stopped working cannot alone be used to establish the date of onset of disability in a living miner's claim." Decision and Order, May 31, 1988 at 2. Conn petitioned this court for review of that decision.
 
 
 7
 Because Conn's Claim was filed pursuant to part B of the Act, was reviewed and denied by SSA pursuant to 30 U.S.C. Sec. 945, and was subsequently reviewed and approved by DOL pursuant to 20 C.F.R. Sec. 727.106, 20 C.F.R. Sec. 727.302(c)(1) provides the mechanism for determining the entitlement date. See 30 U.S.C. Sec. 945(a); 20 C.F.R. Sec. 727.106. 20 C.F.R. Sec. 727.302(c)(1) provides that:
 
 
 8
 (c)(1) In the case of a miner whose claim is reviewed and finally approved under Sec. 727.106, benefits shall be payable for all periods of eligibility beginning with the month of onset of total disability due to pneumoconiosis or January 1, 1974, whichever is later. Where the evidence does not establish the month of onset, benefits shall be payable from the month during which the miner elected review under Sec. 727.104.
 
 
 9
 Thus, where the evidence does not establish the date of disability, the month of election becomes the date of entitlement. The question posed by Conn is whether the testimony of a living miner is sufficient evidence to establish the date of disability. We conclude that the Board did not err in concluding that it was not sufficient.
 
 
 10
 We are guided in our interpretation of the role of lay testimony by living miners by the way in which such testimony is treated for purposes of establishing the fact of disability. In the latter situation, "[w]here there is no medical or other relevant evidence in the case of a deceased miner, ... affidavits [of persons with knowledge of the miner's physical condition], from persons not eligible for benefits in such case with respect to claims filed on or after the effective date of the Black Lung Benefits Amendments of 1981, shall be considered to be sufficient to establish that the miner was totally disabled due to pneumoconiosis or that his or her death was due to pneumoconiosis." 30 U.S.C. Sec. 923(b) (emphasis supplied); see also 20 C.F.R. 718.204(c)(5). Thus, where there is no medical evidence, only in the case of a deceased miner is lay testimony alone sufficient to establish disability.
 
 
 11
 The reason for this distinction between living and dead miners is obvious. A living miner, presumably, can be medically evaluated, dispensing with the need to rely solely on lay testimony. Indeed, where medical evidence exists in the case of a deceased miner, lay testimony alone cannot establish disability. It is only in the unfortunate case of a deceased miner who has not been medically evaluated that lay testimony can stand alone, for it is only in that case that it is the only evidence.
 
 
 12
 Although 20 C.F.R. Sec. 727.302(c)(1) does not specifically define "evidence" as medical evidence, the above is instructive by analogy. A living miner such as Conn can be medically examined, and conclusions can be drawn from the medical evidence derived from the examination concerning the onset date.
 
 
 13
 Even if we disagreed with the Board on the sufficiency of lay testimony standing alone generally, we would still find it insufficient in Conn's case. 20 C.F.R. Sec. 727.302(c)(1), by its plain language, requires that the evidence establish the onset date. Merely demonstrating that the claimant was disabled on a particular date is insufficient to establish that the particular date was the onset date. Lay testimony that a miner was suffering from the symptoms of disabling pneumoconiosis on his retirement date, therefore, does not establish that the disease became disabling on that date. See Witt v. P & P Coal Co., 6 B.L.R. 1-480, 484 ("[t]he fact that claimant quit his job in October, 1975, and may indeed have been totally disabled at that time, does not, without more, establish that date as the onset date of disability"). The testimony offered by Conn, at best, suggested that he was disabled on his retirement date of November 1, 1968; it does not establish that the onset date was November 1, 1968. Therefore, the Board was correct, in the absence of evidence establishing an onset date, in setting the entitlement date at May 1, 1978, the month of election.
 
 
 14
 Accordingly, for the foregoing reasons, the decision of the Board is affirmed.